UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OBIOMA CHUKWU,** | : |
| | : Civil Action No. 23-23010 (RK)(JTQ) |
| Plaintiff, | : |
| | : |
| v. | : **MEMORANDUM ORDER** |
| | : |
| **PHIL MURPHY, et al.,** | : |
| | : |
| Defendants. | : |

This matter comes before the Court on *pro se* Plaintiff Obioma Chukwu's letter motion (ECF No. 16) seeking the appointment of *pro bono* counsel and an extension of time to file proof of service. Plaintiff's motion for counsel is denied.

By way of background, this is a civil rights action that appears[1] to arise from alleged wrongdoing at the Trenton Psychiatric Hospital, where Plaintiff had been confined at the time he filed this suit. Plaintiff filed his Complaint in December 2023, and summonses were issued to Plaintiff on December 12, 2023. Thereafter, during the months of January through April 2024, Plaintiff filed a number of letters with the Court alleging further wrongdoing. On May 21, 2024, the Hon. Robert Kirsch, U.S.D.J., entered an Order noting that this case could not proceed unless and until Plaintiff properly serves Defendants. (ECF No. 12). Judge Kirsch directed Plaintiff

---

[1] Plaintiff's claims are not clearly pled.

to effectuate service in accordance with Federal Rule of Civil Procedure 4 and file proof of service no later than June 30, 2024. This application followed.

It is well settled that litigants in a civil case "possess neither a constitutional nor a statutory right to appointed counsel." *James v. Varano*, No. 20-1246, 2023 WL 195162, at \*5 (3d Cir. Jan. 17, 2023); *see also Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants."); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (civil litigants "have no statutory right to appointed counsel."). Nevertheless, under 28 U.S.C. § 1915, which governs actions in which a party is proceeding *in forma pauperis*, "[t]he court may request an attorney to represent any person unable to afford counsel." *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019) (citing 28 U.S.C. § 1915(e)(1)).

As an initial matter, the Court notes that at no point in this case has Plaintiff sought *in forma pauperis* status. In fact, since 2022, Plaintiff has initiated fifty (50) civil actions in this District, and in none has he filed an application to proceed *in forma pauperis*.[2] Plaintiff paid the filing fee ($350) and administrative fee ($55) necessary to initiate this action. Further, the asserted basis for Plaintiff's application is that he needs a lawyer to help him serve Defendants by the June 30, 2024 deadline. But Plaintiff has not said that he has even attempted to retain counsel. He does not contend he cannot afford counsel, nor does he assert that he cannot afford to engage a process server to effectuate service of process.

---

[2]. Most of these actions have been withdrawn or dismissed.

2

Absent evidence that Plaintiff is unable to afford counsel, the Court finds no basis to conclude that Plaintiff is entitled to appointment of counsel. *See Cheadle v. Experian*, No. 20-18183, 2021 WL 11604881, at *2 (D.N.J. Feb. 16, 2021) (denying application for pro bono counsel where Plaintiff "neither sought nor obtained permission to proceed *in forma pauperis*"). For these reasons, the request for pro bono counsel is denied without prejudice. Given that Plaintiff is proceeding *pro se*, the Court grants Plaintiff's request for an extension of time to effectuate service. Accordingly,

**IT IS** on this 28th day of June 2024

**ORDERED** that Plaintiff's application for the appointment of pro bono counsel (ECF No. 16) is DENIED without prejudice; and it is

**ORDERED** that Plaintiff is to effectuate service on Defendants and file proof of service by July 30, 2024.

*s/ Justin T. Quinn*
JUSTIN T. QUINN
United States Magistrate Judge

--terminates ECF No. 16