NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| OBIOMA CHUKWA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PHIL MURPHY and STATE OF NJ,<br><br>　　　　Defendants. | Civil Action No. 23-23010 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon the December 20, 2024 Report and Recommendation of the Honorable Justin T. Quinn, U.S.M.J. (ECF No. 36, "R&R".) The R&R recommends dismissing Plaintiff Obioma Chukwa's ("Plaintiff") *pro se* Complaint with prejudice pursuant to the Court's inherent powers and Federal Rule of Civil Procedure ("Rule") 41(b). (*Id.* at 3, 5.) Under Local Rule 72.1 and Federal Rule of Civil Procedure 72, Plaintiff was afforded fourteen (14) days to file objections. He has not done so. Having reviewed the relevant documents and submissions, the Court adopts the R&R and **DISMISSES** the Complaint **WITHOUT PREJUDICE.**

    The relevant facts and procedural history are captured in Judge Quinn's R&R, and the Court reiterates here only what is necessary for its adoption. Plaintiff filed his *pro se* Complaint in the present action on December 11, 2023. (ECF No. 1). In the year since, Plaintiff filed twenty-two hand-written letters with the Court. (ECF Nos. 4, 6, 7, 8, 10, 11, 13, 14, 15, 16, 18, 20, 21, 22, 24, 25, 26, 28, 30, 32, 34, 35.) However, Plaintiff never served any defendant. On May 21, 2024, this Court issued a Memorandum Order directing Plaintiff to serve process in accordance with Rule 4 and file proof of such service by June 30, 2024. (ECF No. 12.) Plaintiff requested—and

was granted—six extensions to effectuate service or amend his Complaint. (ECF Nos. 17, 19, 23, 27, 29, 31.) Judge Quinn granted each request, and set October 30, 2024 as a "final deadline" for Plaintiff to file and serve his amended pleading. (ECF No. 31.) Accordingly, when Plaintiff requested a *seventh* extension (ECF No. 32), Judge Quinn denied it. (ECF No. 33.) On December 20, 2024, Judge issued the now-pending R&R, recommending that the matter be "dismissed with prejudice based on Plaintiff's failure to prosecute the case." (R&R at 1.)

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within fourteen (14) days of service. The District Court may consider the record developed before the Magistrate Judge and need not conduct independent factfinding. Local Civ. R. 72.1(c)(2). When a report and recommendation is uncontested, the District Court is not required to apply a particular standard of review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (discussing 28 U.S.C. § 636(b)(1)); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). "At a minimum, 'what is not objected to, the district court reviews under the plain error or manifest injustice standard.'" *Brainbuilders, LLC v. Optum, Inc.*, No. 18-638, 2019 WL 2315389, at *2 (D.N.J. May 31, 2019) (quoting *Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *3 (D.N.J. Oct. 12, 2012)). "A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to [Rule] 41(b)." *Iseley v. Bitner*, 216 F. App'x 252, 254–55 (3d Cir. 2007).

Here, Judge Quinn's R&R was mailed to Plaintiff on December 20, 2024, with instructions to make any objections by January 3, 2025. (ECF No. 36.) On January 3, Plaintiff's deadline to object, the mailing was returned as undeliverable. (ECF No. 37.) The return sticker from UPS indicates that the reason for the non-delivery was: "receiver did not want, refused delivery." (*Id.*) This is the first time any docket entry in this matter had not been able to be delivered, and Plaintiff

2

had not informed the Court that his address changed. On January 7, 2025, Plaintiff filed a letter titled "Amended Complaint" that was not, in fact an amended complaint, but did provide an updated address for Plaintiff. (ECF No. 38.) The Clerk's office sent a copy of the R&R to Plaintiff's new address on January 10, 2025, but that mailing was returned as undeliverable on January 23, 2025. (ECF No. 39.)

  This Court's Local Rules require all litigants to "advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk." Local Civ. R. 10.1(a) (noting that failure to comply with the Rule "may result in the imposition of sanctions by the Court"). "It is not this Court's obligation to seek out a litigant in order to properly provide that party with a copy of a court order. Once the Court has provid[ed] proof of mailing to the litigant's last known address on record, the Court's obligation has been satisfied." *Francis v. Hypen*, 2022 WL 16918186, at *2 (D.V.I. Nov. 14, 2022); *see also Williams v. Overmyer*, 2023 WL 4534472 at *1 (W.D. Pa. July 13, 2023) (dismissing action under Rule 41(b) and noting that "it is a plaintiff's obligation to provide this Court with a current address and Plaintiff has not provided any new address, [therefore,] this Court must assume that the address listed on the docket is still valid"). Because the Court twice fulfilled its obligation to send Plaintiff the R&R, notwithstanding Plaintiff's failure to comply with Rule 10.1(a) and update the Court with an address that could appropriately receive mail, the Court determines that the R&R is unopposed.

  Turning to the R&R itself, the Court finds no "error" in Judge Quinn's recommendation or his thorough analysis of the *Poulis* factors. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (establishing a six-factor balancing test to assess whether involuntary dismissal is appropriate). Plaintiff bears full responsibility for his failure to prosecute this case, as

3

he was given ample opportunity to effectuate service, amend his complaint, and move through litigation. Although it is not clear—based on his many filings—whether Plaintiff's claim has any merit at all, Plaintiff has made "adjudication of his case impossible." *See Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012). Plaintiff has exhausted his extensions and do-overs. While Judge Quinn is entirely reasonable and has been exceedingly accommodating, the Court takes note of Plaintiff's *pro se* status and will dismiss the complaint without prejudice. The Report and Recommendation (ECF No. 36) is adopted. Therefore,

**IT IS** on this 27th day of January, 2025:

**ORDERED** that the Court adopts the Report and Recommendation, (ECF No. 36); and it is further

**ORDERED** that Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Memorandum Order to the address of record for Plaintiff; and it is further

**ORDERED** that the Clerk of the Court is directed to **CLOSE** this matter.

_____
**Robert Kirsch**
**United States District Judge**